C. JOHN M. MELISSINOS (SBN 149224)
JMelissinos@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff Diane C. Weil, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>DEAN ALBERT MAURY CAZARES, an individual,<br><br>Debtor. | Case No. 1:16-bk-10543-VK<br><br>Chapter 7 |
| DIANE C. WEIL, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DEAN ALBERT MAURY CAZARES, an individual, BURTON C. BELL, an individual, SCOTT KOENIG, an individual. FEAR CAMPAIGN, INC., a Delaware corporation, OXIDIZER, INC., a New Jersey corporation, and STANLEY VINCENT, an individual,<br><br>Defendants. | Adversary Case No. ___________<br><br>COMPLAINT FOR:<br><br>(1) INJUNCTION TO PREVENT INFRINGEMENT OF TRADEMARK;<br>(2) AVOIDANCE AND RECOVERY OF POST-PETITION TRANSFERS;<br>(3) CONVERSION; (4) BREACH OF FIDUCIARY DUTY; (5) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND CONVERSION; (6) TURNOVER; AND (7) ACCOUNTING<br><br>[HEARING TO BE SET] |



GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**JURISDICTION AND VENUE**

1. Plaintiff Diane C. Weil, Chapter 7 Trustee ("Plaintiff" or the "Trustee") is the duly appointed and acting chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of Debtor Dean Cazares ("Cazares" or the "Debtor"), Debtor in a chapter 7 bankruptcy case pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"), bankruptcy case no. 1:16-bk-10543-VK (the "Bankruptcy Case"). Plaintiff consents to the entry of a final order and judgement by the Bankruptcy Court.

2. The Debtor commenced the Bankruptcy Case by filing a voluntary Petition under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on February 25, 2016 (the "Petition Date").

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H). The Court can enter a final judgment herein.

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 157(a) and 1334. Venue is proper in this Court under 28 U.S.C. § 1409(a).

5. Plaintiff Trustee was appointed after the Petition Date. As a result, Plaintiff Trustee does not have personal knowledge of the facts alleged in this Complaint that occurred prior to the Petition Date and therefore alleges all those facts on information and belief.

6. Plaintiff reserves the right to amend this Complaint to allege additional claims against Defendants in addition to those alleged in this Complaint.

**PARTIES**

7. Plaintiff is informed and believes and based thereon alleges that Cazares is an individual residing in the County of Los Angeles, California.

8. Plaintiff is informed and believes and based thereon alleges that Burton C. Bell ("Bell") is an individual residing in Milton, Pennsylvania.

9. Plaintiff is informed and believes and based thereon alleges that Fear Campaign, Inc. ("Fear Campaign") is a Delaware corporation. Plaintiff is informed and believes and based thereon alleges that at all relevant times Bell is or was President of Fear Campaign, and that Bell and Cazares are or were each members of its Board of Directors.

10. Plaintiff is informed and believes and based thereon alleges that Scott Koenig ("Koenig") is an individual residing in the County of Los Angeles, California.

11. Plaintiff is informed and believes and based thereon alleges that Oxidizer, Inc. ("Oxidizer") is a New Jersey corporation. Plaintiff is informed and believes and based thereon alleges that at all relevant times Bell is or was President of Oxidizer and Cazares is or was Secretary of Oxidizer.

12. Plaintiff is informed and believes and based thereon alleges that Stanley Vincent ("Vincent") is an individual residing in New York, New York.

## GENERAL ALLEGATIONS

**The Background of the Bankruptcy Case**

13. The first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was initially set for March 25, 2016. It was continued to May 27, 2016 at the request of the Debtor, who is a musician, and who went on tour as "Fear Factory" for much of the spring of 2016 despite his bankruptcy filing.

14. On March 10, 2016 [Docket No. 12], the Debtor filed his Schedules and Statement of Financial Affairs, and then on April 21, 2016, the Debtor filed his *Summary of Amended Schedules, Master Mailing List, and/or Statements [LBR 1007-1(c)]* [Docket No. 19] (collectively with Docket No. 12, the "Schedules and SOFA"). Among other things, the Schedules and SOFA attach a long list of compositions in which the Debtor has an interest. Also, Docket No. 12 completely omitted mention of numerous items of property later disclosed in Docket No. 19, including Cazares' interests in Fear Campaign and Oxidizer, his interests in numerous copyrights, and his ownership interest in the Trademark "Fear Factory" (as defined below).

15. On May 27, 2016, the Debtor did appear at the continued 341(a) Meeting and was examined by the Trustee. The Trustee requested that the Debtor produce a number of documents and other information, some of which the Debtor has provided. On July 18, 2016, the Debtor appeared at a further continued 341(a) Meeting and was further briefly examined by the Trustee, at which time the Trustee asked the Debtor to produce additional documents and to file a declaration under penalty of perjury with respect to his relationship with certain of the entities

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

listed in the Debtor's Schedules and SOFA. The 341(a) Meeting has been continued once again to February 27, 2017 at 10:30 a.m.

16. Prior to the Petition Date, along with Bell and Oxidizer, Cazares was a defendant in that certain pre-petition litigation known as *Raymond Herrera and Christian Olde Wolbers vs. Burton Bell and Dean Cazares*, Los Angeles Superior Court Case No. BC530728 (the "State Court Action"), initiated by Christian Olde Wolbers and Raymond Herrera (herein "H&W"). The State Court Action arose out of an earlier Agreement of Settlement and Mutual Release dated as of March 15, 2011 (the "2011 Settlement Agreement") which resolved a still earlier dispute regarding the break-up of the musical group "Fear Factory" in which the parties were members. H&W later obtained a Judgment by stipulation in the State Court Action. Notably, Cazares filed his bankruptcy Petition shortly before a hearing on the attorneys' fees of H&W's counsel in the State Court Action.

**The Band "Fear Factory" and Its Related Entities Fear Campaign and Oxidizer**

17. The claims in the State Court Action and the compromise reached in the 2011 Settlement Agreement are only the very end of the story. The story in fact starts in 1989, when Plaintiff is informed and believes and based thereon alleges that Cazares started the band Fear Factory, eventually employing Bell as the lead singer, Wolbers on the bass guitar, and Herrera on the drums.

18. Plaintiff is informed and believes and based thereon alleges that Cazares, Bell, Wolbers, and Herrera performed together for much of the 1990s, but that in or about 2002 Cazares left the band. Plaintiff is informed and believes and based thereon alleges that in or about 2008 Bell re-aligned with Cazares to simultaneously allow Cazares back into the band and eject Wolbers and Herrera, the litigation over which action resulted ultimately in the 2011 Settlement Agreement.

19. Plaintiff is informed and believes and based thereon alleges that in the 1990s, and even in the approximately 2002 to 2008 period in which Cazares was not a part of the band, there were a series of companies which the band used for purposes of generating tour income and receiving royalty income on the profusion of songs which the band composed, recorded and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

performed. Plaintiff is informed and believes that in 2008, Bell and Cazares set up Fear Campaign and Oxidizer for these purposes, which entities continued to be used for such purposes throughout 2016.

20. Plaintiff is informed and believes and based thereon alleges that at all relevant times, including on the Petition Date, Cazares held a fifty percent (50%) ownership interest in Fear Campaign.

21. Plaintiff is informed and believes and based thereon alleges that at all relevant times, including on the Petition Date, Cazares held a fifty percent (50%) ownership interest in Oxidizer.

22. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Cazares is and has been an officer and/or an officer and a director of Fear Campaign.

23. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Bell is and has been an officer and/or an officer and a director of Fear Campaign.

24. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Cazares is and has been an officer and/or an officer and a director of Oxidizer.

25. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Bell is and has been an officer and/or an officer and a director of Oxidizer.

26. As alleged by H&W in the State Court Action, after the payments due to make the 2011 Settlement Agreement effective, Cazares and Bell refused to pay any additional amounts to H&W.

**The 2011 Settlement Agreement and the Assignment of the Trademark**

27. Plaintiff is informed and believes and based thereon alleges that prior to the 2011 Settlement Agreement, the rights to use the "Fear Factory" name and trademark were owned equally between Cazares, Bell, Wolbers and Herrera. The 2011 Settlement Agreement changed this arrangement and provides as follows with respect to the "Fear Factory" trademark:

> Bell *and* Cazares (or *their* designee) shall have exclusive ownership rights in the tradename "Fear Factory" and any and all logos and other marks associated with the Fear Factory name (individually

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

> and collectively, the “Marks”) in perpetuity, throughout the universe, including without limitation, the right to use, transfer, license and sublicense the Marks and the attendant goodwill in connection therewith. FFI, Herrera and Wolbers hereby quitclaim to Bell *and* Cazares (or *their* designee) their rights in and to such Marks by their signature below. . . . Without in any way limiting *their* rights, Bell *and* Cazares (or *their* designee) shall have *the* right throughout the universe to use the marks for any lawful purpose whatsoever, including, without limitation, in connection with the production, manufacture, reproduction, distribution, sale, transfer, advertisement, marketing, promotion and exploitation of audio and audio-visual recordings, merchandise, live performances, websites, social networking sites, sponsorships, endorsements, and in any other way that they may reasonably determine in all media now known or hereafter devised. (Emphasis added.)

28. In fact, and apparently on the grounds that the 2011 Settlement Agreement was effective by its terms, Cazares and Bell jointly transferred the “Fear Factory” trademark (along with the associated rights as set forth in the Settlement Agreement, the “Trademark”) to their names. Attached as Exhibit 1 hereto and incorporated herein by this reference is a true and correct copy of a Trademark Assignment Abstract of Title from the records maintained by the United States Patent and Trademark Office showing the assignment of the Trademark as of February 5, 2015. Thus, as of the Petition Date, Cazares and Bell were joint owners of the Trademark, but subject in all respects to the 2011 Settlement Agreement, which conditioned and restricted the use of it.

29. On the Petition Date, Cazares’ ownership of the Trademark and his rights to control the exploitation of the name “Fear Factory” became an asset of the Bankruptcy Estate. Cazares listed his interest in the Trademark on both his original Schedule B and the Amended Schedule B of his Schedules and SOFA.

**The 2016 Performances by Cazares and Bell as "Fear Factory"**

30. Despite the fact that his interest in the Trademark became an asset of the Bankruptcy Estate, Cazares (and for that matter, Bell) continued to tour as the band "Fear Factory" after the Petition Date without the consent of permission of Plaintiff and without paying anything to the Bankruptcy Estate. Plaintiff is informed and believes and based thereon alleges that Fear Factory performed on at least the following dates in 2016 after the Petition Date at the following locations:

| **2016 Fear Factory Tour Date** | **Location** |
|---|---|
| March 21, 2016 | Gallup, N.M. @ Juggernaut |
| March 22, 2016 | Albuquerque, N.M. @ Sunshine Theater |
| March 24, 2016 | San Antonio, Texas |
| March 25, 2016 | Dallas, Texas @ Trees |
| March 26, 2016 | Houston, Texas @ Scout Bar |
| March 28, 2016 | Corpus Christi, Texas @ House of Rock |
| March 29, 2016 | Fayetteville, Arkansas @ George's Majestic Lounge |
| March 30, 2016 | Clarksville, Tennessee @ Warehouse Live |
| April 1, 2016 | Atlanta, Georgia @ Masquerade |
| April 2, 2016 | Fayetteville, N.C. @ Rock Shop |
| April 3, 2016 | Norfolk, Va. @ Norva |
| April 5, 2016 | Baltimore, Md. @ Rams Head |
| April 6, 2016 | New York, N.Y. @ Gramercy |
| April 8, 2016 | Reading, Pa. @ Reverb |
| April 9, 2016 | Worcester, Mass. @ Palladium |
| April 10, 2016 | Poughkeepsie, N.Y. @ Chance |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

| | |
|---|---|
| April 11, 2016 | New York, N.Y. @ Gramercy Theatre |
| April 12, 2016 | Pittsburgh, Pa. @ Altar Bar |
| April 14, 2016 | Cleveland, Ohio @ Agora |
| April 15, 2016 | Flint, Mich. @ Machine Shop |
| April 16, 2016 | Flint, Mich. @ Pierre's |
| April 17, 2016 | Valparaiso, Indiana @ Big Shots |
| April 19, 2016 | Chicago, Ill. @ Concord |
| April 20, 2016 | Ringle, Wis. @ Q and Z Expo Center |
| April 21, 2016 | Milwaukee, Wis. @ The Rave |
| April 22, 2016 | Sauget, Ill. @ Pop's |
| April 24, 2016 | Denver, Colo. @ Summit |
| April 26, 2016 | Salt Lake City, Utah @ In the Venue |
| April 27, 2016 | Idaho Falls, Idaho @ Hitt Event Center |
| April 29, 2016 | Boise, Idaho @ Revolution Concert House |
| April 30, 2016 | Seattle, Wa. @ El Corazon |
| May 1, 2016 | Portland, Oregon @ Hawthorne Theatre |
| May 3, 2016 | San Francisco, California @ Slim's |
| May 4, 2016 | Las Vegas, Nevada @ LVCS |
| May 5, 2016 | San Diego, California @ Brick by Brick |
| May 6, 2016 | Tempe, Arizona @ Marquee Theatre |
| May 7, 2016 | Los Angeles, California @ Fonda |
| June 2, 2016 | Brisbane, Australia @ Tivoli |
| June 3, 2016 | Sydney, Australia @ Roundhouse |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

| | |
|---|---|
| June 4, 2016 | Melbourne, Australia @ Prince of Wales |
| June 7, 2016 | Adelaide, Australia @ HQ |
| June 8, 2016 | Fremantle, Australia @ Metropolis |
| July 23, 2016 | Mexico City, Mexico @ Metal Fest 2016 |
| August 5, 2016 | Sayreville, N.J. |
| August 6, 2016 | Montreal, Canada |
| August 7, 2016 | Amityville, N.Y. |
| August 10, 2016 | Villena, Spain |
| August 12, 2016 | Brighton, England |
| August 13, 2016 | Catton Park, Walton-on-Trent, Derbyshire, England |
| August 15, 2016 | Tilburg, The Netherlands |
| August 16, 2016 | Amsterdam, The Netherlands |
| August 18, 2016 | Dinkelsbuhl, Germany |
| August 19, 2016 | Trutnov, Czech Republic |
| August 20, 2016 | Hamburg, Germany |
| August 22, 2016 | Aarhus, Denmark |
| August 23, 2016 | Oslo, Norway |
| August 24, 2016 | Stockholm, Sweden |
| August 25, 2016 | Copenhagen, Denmark |
| August 26, 2016 | Sulingen, Germany |

31. Plaintiff is informed and believes and based thereon alleges that in conjunction with the tour dates and performances by Fear Factory, Bell and Koenig directed the sale of merchandise bearing the name and logos of “Fear Factory” at the performances, selling such merchandise through Fear Campaign, Oxidizer, or otherwise.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

32. At the continued 341(a) Meeting held on July 18, 2016, at which Cazares and Koenig appeared, as well as attorneys for Herrera and Wolbers, discussions took place regarding the possibility of an early global mediation with respect to the resolution of the Bankruptcy Case and an adversary proceeding pending against Cazares as a result of the *Adversarial Complaint Objecting to Discharge* filed by H&W against Cazares, case no. 1:16-bk-1080-VK (the "523 and 727 Action"), as well as a motion for relief from stay filed by H&W for leave to complete the State Court Action as against Cazares. Plaintiff is informed and believes and based thereon alleges that as a result of those discussions, the parties determined that they desired to participate in such a mediation before engaging in additional litigation in this matter. Subsequently, in the 523 and 727 Action, on August 4, 2016, the Bankruptcy Court entered its *Order Assigning Matter to Mediation Program and Appointing Mediator and Alternate Mediator* [Adv. Docket No. 11].

33. Despite the agreement to participate in a mediation, neither Cazares nor Koenig informed Plaintiff of Cazares' intention to further exploit the Trademark that was property of the Bankruptcy Estate in the interim. When Plaintiff learned about the August tour dates, which Cazares had failed and omitted to mention to Plaintiff at his continued 341(a) hearing on July 18, 2016, Plaintiff demanded that Cazares cease and desist from his use of the Fear Factory Trademark.

34. Plaintiff is informed and believes and based thereon alleges that Cazares refused to cease and desist and that he did, in fact, continue to tour as Fear Factory, keeping all the benefits from the tour for himself, Bell, Koenig, Vincent, and/or others, and refusing to pay the Bankruptcy Estate any compensation for the use of the Trademark or even account for such use.

35. Furthermore, and despite demand, Plaintiff has never received full accountings of the 2016 performances by Fear Factory, and Plaintiff has never received promised amendments to Cazares' Schedules and SOFA, disgorgement of amounts he received on account of estate assets after the Petition Date, or even Cazares' cooperation in appearing at a further continued meeting of creditors.

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**The Roles of Koenig and Vincent in Directing the Band and Its Financial Affairs**

36. Plaintiff is informed and believes and based thereon alleges that Koenig is the actual or *de facto* manager of Fear Factory and that Koenig at all times directed or helped to direct "the band's" operations, including with respect to the tour dates in 2016.

37. Plaintiff is informed and believes and based thereon alleges that Vincent is the manager for Bell and that, along with Koenig, Bell and Cazares, Vincent at all times directed or helped to direct "the band's" operations, including with respect to the tour dates in 2016, and other financial arrangements made by Bell and Cazares.

38. Plaintiff is informed and believes and based thereon alleges that at all times from and after the Petition Date, Cazares, Bell and/or Koenig have caused a website to be maintained for Fear Factory, known as www.fearfactory.com (the "Website"), which Website continues to promote Fear Factory, its performances, recordings, and merchandise without any compensation whatsoever to the Bankruptcy Estate. Plaintiff is informed and believes and based thereon alleges that at all times from and after the Petition Date, the Website has offered "Fear Factory" merchandise for sale and that such merchandise has been sold.

39. Plaintiff is informed and believes and based thereon alleges and at all times from and after the Petition Date, Cazares, Koenig, and/or Bell maintained various "social media" accounts and platforms that also exploited the "Fear Factory" Trademark, all without compensation to the Bankruptcy Estate. Plaintiff is informed and believes and based thereon alleges that at all times from and after the Petition Date , Cazares, Koenig, and/or Bell continued to promote Fear Factory through radio broadcasts and other media, all without compensation to the Bankruptcy Estate.

**Plaintiff's Demand That Defendants Cease and Desist**

40. By letters dated December 22, 2016 and December 29, 2016 (collectively, the "Cease and Desist Letters"), Plaintiff put all the Defendants on notice that Defendants should cease and desist using the Fear Factory Trademark. Plaintiff has not received any documents in response to the letters, and Plaintiff is informed and believes and based thereon alleges that the Website is still in operation and that merchandise is still being offered for sale to the public.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**<u>The Post-Petition Transfers to Cazares and the Conversion of Assets of the Bankruptcy Estate</u>**

41. Plaintiff is informed and believes and based thereon alleges that on or about February 26, 2016, March 25, 2016, April 22, 2016, May 27, 2016, and July 29, 2016, Cazares received $182.25, $180.92, $156.83, $167.99, and $188.77, respectively, from Sound Exchange on account of royalties owing to him for pre-petition compositions (collectively, the “Sound Exchange Post-Petition Transfers”) into one or more of his accounts at Bank of America, N.A. (“BOA”).

42. Plaintiff is informed and believes and based thereon alleges that on or about April 8, 2016 and May 17, 2016, Cazares received $928.89 and $1,113.82, respectively, from the American Society of Composers, Authors and Publishers (“ASCAP”) for royalties owing to him for pre-petition compositions (the “ASCAP Post-Petition Transfers”) into one or more of his accounts at BOA.

43. Plaintiff is informed and believes and based thereon alleges that on or about April 14, 2016, Cazares received $4,333.85 from Warner Music Group Services on account of royalties owing to him for pre-petition compositions (the “Warner Post-Petition Transfer”) into one or more of his accounts at BOA.

44. Plaintiff is informed and believes and based thereon alleges that on or about May 23, 2016, June 13, 2016, and July 26, 2016, Cazares received $21,950.00, $16,000.00, and $10,183.40, respectively, from Fear Campaign (the “Fear Campaign Post-Petition Equity Payments”) into one or more of his accounts at BOA

**<u>FIRST CLAIM FOR RELIEF</u>**

**<u>FOR REGISTERED TRADEMARK INFRINGEMENT</u>**

(15 U.S.C. § 1114)

(Against all Defendants)

45. Plaintiff repeats the allegations of paragraphs 1-44 with the same effect as if set forth here.

/ / /

46. Plaintiff is informed and believes and based thereon alleges that the Bankruptcy Estate owns a fifty percent (50%) interest in, and Plaintiff thereby controls, including under the terms of the Settlement Agreement and the transactions contemplated thereby, the rights to use the federally registered "Fear Factory" Trademark cited herein (as defined above, the "Trademark").

47. Defendants' acts as alleged herein violate 15 U.S.C. §§ 1114 et seq. and constitute trademark infringement of the Trademark. Defendants' acts as alleged herein have been in commerce or in connection with the sale, offering for sale, distribution, or advertising of goods and performances by Cazares, Bell and others. Defendants have used the Trademark for Defendants' own purposes and financial gain such that Plaintiff's legal rights under the Lanham Act have been violated. Defendants' acts as alleged herein have created a likelihood of confusion as to source, origin, sponsorship, endorsement or affiliation.

48. Defendants have directly violated, have conspired to violate, and/or have contributorily violated 15 U.S.C. § 1114. On information and belief, Defendants have done this intentionally, for the express purpose of trading on the consumer recognition and goodwill which has been developed in connection therewith. On information and belief, it was Defendants' objective to create confusion as to source, origin, sponsorship, endorsement or affiliation.

49. As a direct and proximate consequence of Defendants' acts as alleged herein, Defendants, and each of them, have caused, are causing, and, unless such acts and practices are enjoined, will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to preliminary and permanent injunctive relief restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, licensees, assigns, representatives, and distributors, and all persons acting in concert with any of them, from engaging in any further such acts.

50. As a direct and proximate consequence of Defendants' acts alleged herein, Plaintiff and the Bankruptcy Estate has been and, unless such acts and practices are enjoined, will continue to be injured in its property rights, and has suffered, is suffering, and will continue to suffer significant monetary damages and damages, in an amount according to proof at trial.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Plaintiff is entitled to recover actual damages, treble damages, and disgorgement of all profits and other wrongful gains of each Defendant.

51. Plaintiff also is entitled to an accounting and to recover prejudgment interest, attorneys' fees, costs, and any and all other relief the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**

**FOR CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT/UNFAIR COMPETITION**

(Against all Defendants)

52. Plaintiff repeats the allegations of paragraphs 1-44 and 46-51 with the same effect as if set forth here.

53. Defendants' acts as alleged herein constitute infringement of Plaintiff's common law or unregistered trademarks, misrepresentation, and unfair competition under California common law. Defendants' acts as alleged herein have been in commerce or in connection with the sale, offering for sale, distribution, or advertising of goods in such a way that affects consumers in California. Defendants' acts as alleged herein have created a likelihood of confusion as to source, origin, sponsorship, endorsement or affiliation.

54. Plaintiff is informed and believes and based thereon alleges that Defendants' acts as alleged herein, including, but not limited to, their acts of common law or unregistered trademark infringement, misrepresentation, and unfair competition, were committed intentionally.

55. Defendants have directly violated, have conspired to violate, and/or have contributorily violated California common law.

56. As a direct and proximate consequence of Defendants' acts as alleged herein, Defendants, and each of them, have caused, are causing, and, unless such acts and practices are enjoined, will continue to cause irreparable harm to Plaintiff and the Bankruptcy Estate for which there is no adequate remedy at law, and for which Plaintiff is entitled to preliminary and permanent injunctive relief restraining Defendants, and each of them, and all of their agents, officers, employees, affiliates, licensees, assigns, representatives, and distributors, and all persons acting in concert with any of them, from engaging in any further such acts.

57. As a direct and proximate consequence of Defendants' acts alleged herein, Plaintiff and the Bankruptcy Estate has been, is being, and, unless such acts and practices are enjoined, will continue to be injured in in its property rights, and has suffered, is suffering, and will continue to suffer significant monetary damages and damages, in an amount according to proof at trial. Plaintiff is entitled to recover actual damages, treble damages, and disgorgement of all profits and other wrongful gains of each Defendant.

58. Plaintiff also is entitled to an accounting and to recover prejudgment interest, attorneys' fees, costs, and any and all other relief the Court deems appropriate.

59. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in the foregoing conduct willfully and wantonly with malice, oppression, or fraud and in conscious disregard of Plaintiff's rights and those of the Bankruptcy Estate and its creditors. As a result, Plaintiff is entitled to an award of punitive or exemplary damages to punish Defendants and to deter others from such misconduct in the future.

**THIRD CLAIM FOR RELIEF**

**FOR AVOIDANCE OF POST-PETITION TRANSFERS**

(11 U.S.C. § 549)

(Against Cazares)

60. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, and 53-59 with the same effect as if set forth here.

61. Plaintiff is informed and believes and based thereon alleges that each of the Sound Exchange Transfers, the ASCAP Post-Petition Transfers, the Warner Post-Petition Transfer, and the Fear Campaign Post-Petition Equity Payments (all such post-petition payments, including similar such royalty payments not yet uncovered, collectively the "Post-Petition Transfers") all represented property of the Bankruptcy Estate in accordance with 11 U.S.C. § 541(a).

62. Plaintiff is informed and believes and based thereon alleges that the payments to Cazares on account of the Post-Petition Transfers were never authorized by the Bankruptcy Court and that each payment occurred after the Petition Date.

/ / /

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

63. Accordingly, Plaintiff is entitled to avoid the Post-Petition Transfers pursuant to 11 U.S.C. § 549(a), and other applicable laws, together with such interest as the law might allow.

**FOURTH CLAIM FOR RELIEF**

**FOR RECOVERY OR PAYMENT ON ACCOUNT OF AVOIDED TRANSFER**

(11 U.S.C. § 550(a))

(Against Cazares)

64. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, 53-59, and 61-63 with the same effect as if set forth here.

65. To the extent that the Court finds that Cazares received an avoidable transfer, Plaintiff is entitled to recover from Cazares the amount of such transfer or damages equal to the value thereof, together with such interest as the law might allow.

**FIFTH CLAIM FOR RELIEF**

**FOR CONVERSION**

(Against Cazares)

66. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, 53-59, 61-63, and 65 with the same effect as if set forth here.

67. Plaintiff is informed and believes and based thereon alleges that each of the Sound Exchange Transfers, the ASCAP Post-Petition Transfers, the Warner Post-Petition Transfer, and the Fear Campaign Post-Petition Equity Payments (all such post-petition payments, including similar such royalty payments not yet uncovered, collectively the "Post-Petition Transfers") all represented property of the Bankruptcy Estate in accordance with 11 U.S.C. § 541(a).

68. Plaintiff is informed and believes and based thereon alleges that at all times material hereto Cazares converted for his own use and benefit the Post-Petition Transfers. By means of this Complaint, Plaintiff demands that Cazares repay the Post-Petition Transfers to the Bankruptcy Estate as others that may be discovered which he has wrongfully converted to his own use and benefit, together with interest thereon.

69. In taking, wrongfully possessing and then withholding Plaintiff's property, as aforesaid, Cazares has acted deliberately, willfully, intentionally, oppressively and in a manner

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

designed to deprive the Bankruptcy Estate of its lawful ownership and use of the Post-Petition Transfers. Such actions were and are despicable and have been carried on by Cazares with a conscious disregard of the Bankruptcy Estate's rights. By reason of the foregoing, Plaintiff is entitled to an award of punitive and exemplary damages against Cazares in an amount to be determined by the Bankruptcy Court.

**SIXTH CLAIM FOR RELIEF**

**FOR CONVERSION**

(Against Fear Campaign)

70. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, 53-59, 61-63, 65, and 67-69 with the same effect as if set forth here.

71. Plaintiff is informed and believes and based thereon alleges that the Fear Campaign Post-Petition Equity Payments all represented property of the Bankruptcy Estate in accordance with 11 U.S.C. § 541(a) because they were made on account of Cazares' fifty percent (50%) interest in Fear Campaign, which interest is property of the Bankruptcy Estate.

72. Plaintiff is informed and believes and based thereon alleges that at all times material hereto Fear Campaign directed the Fear Campaign Post-Petition Equity Payments to Cazares instead of the Bankruptcy Estate, thus converting for its own use and benefit the Fear Campaign Post-Petition Equity Payments. By means of this Complaint, Plaintiff demands that Fear Campaign repay to the Bankruptcy Estate the Fear Campaign Post-Petition Equity Payments, and others that may be discovered, which it has wrongfully converted to its own use and benefit, together with interest thereon.

73. In taking, wrongfully possessing and then withholding Plaintiff's property, as aforesaid, Fear Campaign has acted deliberately, willfully, intentionally, oppressively and in a manner designed to deprive the Bankruptcy Estate of its lawful ownership and use of the Fear Campaign Post-Petition Equity Payments. Such actions were and are despicable and have been carried on by Fear Campaign with a conscious disregard of the Bankruptcy Estate's rights. By reason of the foregoing, Plaintiff is entitled to an award of punitive and exemplary damages against Fear Campaign in an amount to be determined by the Bankruptcy Court.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**SEVENTH CLAIM FOR RELIEF**

**FOR BREACH OF FIDUCIARY DUTY**

(Against Cazares and Bell as Officers and Directors of Fear Campaign)

74. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, 53-59, 61-63, 65, 67-69, and 71-73 with the same effect as if set forth here.

75. Cazares, as a member of the Board of Directors of Fear Campaign, and Bell, as a member of the Board of Directors and President of Fear Campaign, were each obligated to act on an informed basis, in good faith, and in a manner consistent with the best interest of Fear Campaign, including its fifty percent (50%) shareholder, the Bankruptcy Estate. Among Cazares' and Bell's duties were the duty of loyalty, the duty of care, and the duty of obedience, each such duty compromising and including the duty to act in good faith.

76. Cazares and Bell, by their acts and omissions in allowing the Fear Campaign Post-Petition Equity Payments to be paid to Cazares, failed to act in an informed manner and in good faith and breached their fiduciary duties to Fear Campaign.

77. Because Fear Campaign was at all times dominated and controlled by Cazares and Bell, making a demand on Fear Campaign for the relief requested herein would be futile.

78. Fear Campaign was damaged by Cazares' and Bell's aforesaid acts and omissions in the amount of the Fear Campaign Post-Petition Equity Payments.

**EIGHTH CLAIM FOR RELIEF**

**FOR AIDING AND ABETTING CONVERSION AND BREACH OF FIDUCIARY DUTY**

(Against Koenig and Vincent)

79. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, 53-59, 61-63, 65, 67-69, 71-73, and 75-78 with the same effect as if set forth here.

80. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times after the Petition Date Koenig and/or Vincent knew that Cazares had filed a chapter 7 bankruptcy case, that a trustee had been appointed over his estate, or that Cazares was otherwise in a bankruptcy proceeding.

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

81. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times before and after the Petition Date, Koenig and/or Vincent held integral management and business roles in directing, advising and assisting Bell and Cazares in operating the band, booking tour dates, executing performances, and selling merchandise, and otherwise pursuing business opportunities for the band and exploiting the Fear Factory Trademark.

82. Plaintiff is informed and believes and based thereon alleges that without the help of Koenig and/or Vincent, Cazares would never have received any money from Fear Campaign after the Petition Date.

83. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times Koenig and/or Vincent aided and abetted Bell and Cazares in their scheme to deprive the Bankruptcy Estate of funds that it was due from Fear Campaign and to deprive the Bankruptcy Estate of the proceeds, use and benefit of the Trademark.

84. The Bankruptcy Estate was damaged by Koenig's and/or Vincent's aforesaid acts in an amount to be proved at trial but at least in the amount of the Fear Campaign Post-Petition Equity Payments.

**NINTH CLAIM FOR RELIEF**

**FOR TURNOVER**

(11 U.S.C. § 542(a))

(Against Fear Campaign and Oxidizer)

85. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, 53-59, 61-63, 65, 67-69, 71-73, 75-78, and 80-84 with the same effect as if set forth here.

86. Plaintiff is informed and believes and based thereon alleges that since the Petition Date, Fear Campaign and Oxidizer have generated proceeds payable to their shareholders, including the Bankruptcy Estate, which has fifty percent (50%) interest in each of Fear Campaign and Oxidizer.

87. Despite Plaintiff's demand, as set forth in the Cease and Desist Letters, for turnover of the funds the Bankruptcy Estate is owed on account of its interest in Fear Campaign

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

and Oxidizer, Fear Campaign and Oxidizer, and each of them, have refused to turn over or distribute any funds to Plaintiff.

88. Accordingly, Plaintiff is entitled to the turnover of the amounts which are payable on account of the Bankruptcy Estate's interest in Fear Campaign and Oxidizer pursuant to 11 U.S.C. § 542(a), and other applicable laws, together with such interest as the law might allow.

**TENTH CLAIM FOR RELIEF**

**FOR UNJUST ENRICHMENT, ACCOUNTING AND CONSTRUCTIVE TRUST**

(Against all Defendants)

89. Plaintiff repeats the allegations of paragraphs 1-44, 46-51, 53-59, 61-63, 65, 67-69, 71-73, 75-78, 80-84, and 86-88 with the same effect as if set forth here.

90. As a result of the wrongful acts as alleged herein, Defendants have been unjustly enriched and benefited in an amount they unjustly retain.

91. The amount which they have deprived the Bankruptcy Estate of is an unknown amount to be determined at trial.

92. Defendants are under an obligation to pay Plaintiff forthwith the entire amount by which they have been unjustly enriched and benefited.

93. By reason of the wrongful acts as alleged herein, in addition to all other relief Plaintiff is entitled to the Court's ruling that:

a. Plaintiff is entitled to an accounting of all monies received, directly and indirectly by Defendants as a result of the Post-Petition use of the Trademark; and

b. Defendants are involuntary trustees holding such sum and proceeds under a constructive trust for the benefit of Plaintiff with a duty to transfer all such sums to Plaintiff forthwith.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendants, and each of them, as follows:

1. For preliminary and permanent injunctive relief;

2. For compensatory damages, according to proof;

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

3. For statutory damages for willful trademark infringement;

4. For disgorgement of profits and wrongful gains, according to proof;

5. For treble damages;

6. For punitive or exemplary damages;

7. For statutory attorneys' fees;

8. Against Cazares, for the avoidance and recovery of the Post-Petition Transfers, or the recovery of the value thereof;

9. Against Cazares and Fear Campaign, for the return of the Fear Campaign Post-Petition Equity Payments or the value thereof;

10. Against Cazares and Bell, for damages for breach of fiduciary duty;

11. Against Koenig and Vincent, for damages according to proof at trial;

12. Against Oxidizer and Fear Campaign, for payments of the amounts owing the Bankruptcy Estate;

13. For an accounting;

14. For prejudgment interest;

15. For attorneys' fees and costs; and

16. For any and all other relief the Court deems appropriate.

DATED: February 22, 2017

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: *_/s/C. John M. Melissinos_*
C. JOHN M. MELISSINOS
Attorneys for Plaintiff Diane C. Weil, Chapter 7 Trustee

# EXHIBIT "1"

Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 3**

**Serial #:** 74283283 **Filing Dt:** 06/08/1992 **Reg #:** 1849630 **Reg. Dt:** 08/09/1994
**Registrant:** Fear Factory
**Mark:** FEAR FACTORY

## Assignment: 1

**Reel/Frame:** 1764/0198 **Recorded:** 07/22/1998 **Pages:** 4

**Conveyance:** NUNC PRO TUNC ASSIGNMENT

**Assignor:** FEAR FACTORY — **Exec Dt:** 07/08/1998 **Entity Type:** CORPORATION **Citizenship:** CALIFORNIA

**Assignee:** FEAR FACTORY, INC. — **Entity Type:** CORPORATION **Citizenship:** NEW YORK
C/O RUSH ARTIST MANAGEMENT
160 VARICK STREET, 12TH FLOOR
NEW YORK, NEW YORK 10013

**Correspondent:** FRISCIA & NUSSBAUM
PETER E. NUSSBAUM
ONE UNIVERSITY PLAZA
HACKENSACK, NJ 07601

## Assignment: 2

**Reel/Frame:** 2701/0970 **Recorded:** 03/13/2003 **Pages:** 2

**Conveyance:** NUNC PRO TUNC ASSIGNMENT EFFECTIVE 12-15-1999

**Assignor:** FEAR FACTORY, INC. — **Exec Dt:** 03/06/2003 **Entity Type:** CORPORATION **Citizenship:** NEW YORK

**Assignee:** FEAR FACTORY, INC. — **Entity Type:** CORPORATION **Citizenship:** CALIFORNIA
C/O LAW OFFICE OF ALLEN B. GRODSKY
2001 WILSHIRE BOULEVARD
SANTA MONICA, CALIFORNIA 90403

**Correspondent:** WOLFF & SAMSON, PC
PETER E. NUSSBAUM
ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

## Assignment: 3

**Reel/Frame:** 5453/0847 **Recorded:** 02/05/2015 **Pages:** 13

**Conveyance:** ASSIGNMENT OF AN UNDIVIDED PART OF ASSIGNORS INTEREST

**Assignors:** HERRERA, RAYMOND — **Exec Dt:** 03/15/2011 **Entity Type:** INDIVIDUAL **Citizenship:** UNITED STATES

WOLBERS, CHRISTIAN OLDE — **Exec Dt:** 03/15/2011 **Entity Type:** INDIVIDUAL **Citizenship:** NONE

FEAR FACTORY, INC. — **Exec Dt:** 03/15/2011 **Entity Type:** CORPORATION **Citizenship:** CALIFORNIA

**Assignees:** BELL, BURTON — **Entity Type:** INDIVIDUAL

C/O RICHMAN BUSINESS MANAGEMENT, 500-B LAKE STREET **Citizenship:** UNITED STATES
RAMSEY, NEW JERSEY 07446

CAZARES, DEAN **Entity Type:** INDIVIDUAL
C/O RICHMAN BUSINESS MANAGEMENT, 500-B LAKE STREET **Citizenship:** UNITED STATES
RAMSEY, NEW JERSEY 07446

**Correspondent:** MICHAEL D. KUZNETSKY
6565 SUNSET BLVD. STE. 311
HOLLYWOOD, CA 90028

Search Results as of: 07/15/2016 07:14 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.5
Web interface last modified: July 25, 2014 v.2.5

| .HOME | INDEX | SEARCH | *e*BUSINESS | CONTACT US | PRIVACY STATEMENT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Diane C. Weil, Chapter 7 Trustee | **DEFENDANTS**<br>DEAN ALBERT MAURY CAZARES, an individual, BURTON C. BELL, an individual, SCOTT KOENIG, an individual, FEAR CAMPAIGN, INC., a Delaware corporation, OXIDIZER, INC., a New Jersey corporation, and STANLEY VINCENT, an individual, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Greenberg Glusker Fields Claman & Machtinger LLP<br>1900 Avenue of the Stars, 21st Fl.<br>Los Angeles, CA 90067<br>Tel: 310 553-3610 | **ATTORNEYS** (If Known)<br>Landsberg Law, APC<br>1800 Century Park East<br>Los Angeles, CA 90067<br>Tel: 310 315-8211 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1. Injunction to Prevent Infringement of Trademark (11 U.S.C. § 1114);
2. Avoidance and Recovery of Post-Petition Transfers;
3. Conversion; 11 U.S.C. § 549;
4. Breach of Fiduciary Duty; 11 U.S.C. § 550(a);
5. Aiding and Abetting Breach of Fiduciary Duty and Conversion;
6. Turnover; 11 U.S.C. § 542(a); and 7. Accounting

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
[3] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ N/A |

Other Relief Sought Damages and injunctive relief for infringement of Trademark under Lanham Act.

**B1040 (FORM 1040) (12/15)**

<table>
<tr><th colspan="4">BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES</th></tr>
<tr><td colspan="2">NAME OF DEBTOR<br>Dean Albert Maury Cazares, an individual</td><td colspan="2">BANKRUPTCY CASE NO.<br>1:16-bk-10543-VK</td></tr>
<tr><td colspan="2">DISTRICT IN WHICH CASE IS PENDING<br>Central</td><td>DIVISION OFFICE<br>San Fernando Valley</td><td>NAME OF JUDGE<br>Victoria A. Kaufman</td></tr>
<tr><th colspan="4">RELATED ADVERSARY PROCEEDING (IF ANY)</th></tr>
<tr><td>PLAINTIFF<br>Olde Wolbers, et al.</td><td colspan="2">DEFENDANT<br>Cazares</td><td>ADVERSARY PROCEEDING NO.<br>1:16-ap-01080-VK</td></tr>
<tr><td colspan="2">DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central</td><td>DIVISION OFFICE<br>San Fernando Valley</td><td>NAME OF JUDGE<br>The Honorable Victoria A. Kaufman</td></tr>
<tr><td colspan="4">SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>C. John M. Melissinos</td></tr>
<tr><td colspan="2">DATE<br>2/22/2017</td><td colspan="2">PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>C. John M. Melissinos</td></tr>
</table>

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.